NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CECILIA ARMENTA MENDOZA, | No. 15-73712 |
| Petitioner, | Agency No. A200-201-445 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2025[**]
Pasadena, California

Before: GOULD, BEA, and BADE, Circuit Judges.

Petitioner Cecilia Armenta Mendoza ("Petitioner") petitions for review of the

decisions of the Board of Immigration Appeals ("BIA") and an immigration judge

("IJ") denying her applications for asylum, withholding of removal, and relief under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").[1]  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We deny the petition.

1.     "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions."  *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citing *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)).  We review the denial of an application for asylum and withholding of removal for substantial evidence.  *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021).  The substantial evidence standard is deferential, allowing reversal only when "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (emphasis added)).

2.     "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma*, 9 F.4th at 1059 (internal quotations and citation omitted).  Substantial evidence supports the agency's conclusion that Petitioner did not establish that she suffered "past persecution" based on one incident of violence in Mexico in 1988 and threats from her ex-husband.  Nor did the agency err in limiting its analysis of harm

_____

[1] Petitioner does not challenge the IJ's and BIA's denial of relief under CAT on this appeal.

15-73712

for "past persecution" to only the harm Petitioner experienced in Mexico, as opposed to harm she experienced in the United States. *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 337–38 (9th Cir. 2011) ("It is reasonable to link the past persecution provision to the proposed country of removal.").

3.    Substantial evidence also supports the agency's conclusion that Petitioner did not meet the burden to establish a well-founded fear of future persecution. "Absent evidence of past persecution, [an applicant] must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively 'reasonable possibility' of persecution upon return to the country in question." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (quoting *Recinos de Leon v. Gonzales*, 400 F.3d 1185, 1190 (9th Cir. 2005)). Petitioner testified that she has not interacted with, heard from, or seen her ex-husband since they separated in 1991, despite multiple visits back to Mexico where Petitioner learned her ex-husband returned after their separation in 1991. The record supports the agency's conclusion that there is no evidence that Petitioner's ex-husband has any current interest in hurting Petitioner or in harming her in the future.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal is otherwise denied. *See* Dkt. No. 1.